William R. Cumming, State Bar No. 200966
cumming@cummingandassociateslaw.com
Kathryn T. Anderson, State Bar No. 240660
anderson@cummingandassociateslaw.com
**CUMMING & ASSOCIATES, APLC**
3080 Bristol Street, Sixth Floor, Suite 630
Costa Mesa, CA 92626
Telephone: (714) 432-6494
Facsimile: (714) 202-3162

Attorneys for Defendants
NICOLE ANDREWS and NICOLE, INC., a New York corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONWIDE PROPERTY & APPRAISAL SERVICES LLC, a New Jersey limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>NICOLE ANDREWS, an individual, RYAN ANDREWS, an individual, and NICOLE INC., a New York corporation,<br><br>Defendants. | Case No.  8:20-cv-02126-JVS (KESx)<br><br>Assigned For All Purposes To:<br>Judge James V. Selna<br>Room 10C<br><br>ANSWER OF DEFENDANT NICOLE ANDREWS<br><br>Action Filed:     November 4, 2020<br>Trial Date:       None<br><br>DEMAND FOR JURY TRIAL |

1

Nicole Andrews ("Defendant") answers the Complaint filed on November 4, 2020 by Plaintiff Nationwide Property & Appraisal Services, LLC ("Plaintiff") as follows:

## I.   INTRODUCTION

To the extent this section merely describes the nature of Plaintiff's Complaint, no response is required. Nicole admits that the Complaint assets claims against Nicole for misappropriation of trade secrets under the Defend Trade Secrets Act, California law, tortious interference with contractual relations, tortious interference with business relations, aiding and abetting, and conspiracy. Nicole denies that she individually or in concert with any other person or entity misappropriated confidential information or trade secret information of the Plaintiff. Nicole denies that Plaintiff is entitled to any of the relief it seeks. Nicole denies each of the remaining allegations in this section.

## II.   PARTIES

1.   Nicole lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 of the Complaint.

2.   Nicole admits she is an individual and a citizen of the State of California. Nicole further admits she can be served at 231 Cedar Street, Newport Beach, California 92663.

3.   Nicole admits she and Ryan Andrews ("Ryan") are individuals and citizens of the State of California. Nicole lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 3 of the Complaint.

4.   Nicole admits Fastapp has an office location located at 5118 Thirteenth Avenue, Brooklyn, New York 11219. Nicole denies that it may be served with process by and through LegalZoom.com. The statement of information filed with the California Secretary of State on February 26, 2021, states the agent for service of

process, which is Corporation Service Company doing business in California as CSC-Lawyers Incorporating Services (C1592199).

### III.   JURISDICTION

5. Nicole lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 of the Complaint.

6. Nicole admits she is an individual and citizen of California. Nicole further admits that Ryan is an individual and citizen of California. Nicole admits Fastapp is a New York corporation with its principal place of business in New York. Nicole lacks knowledge or information sufficient to form a belief about the truth of the allegations relating to the amount in controversy and Nationwide's principal place of business.

7. Nicole admits she and Ryan are residents of California. Nicole lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 7 of the Complaint.

8. Nicole lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 of the Complaint.

### IV.   VENUE

9. Nicole lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 of the Complaint.

### V.   FACTUAL BACKGROUND

10. Nicole admits Nationwide is an appraisal management company. Nicole lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 10 of the Complaint.

11. Nicole admits Nationwide provides appraisal management services that offers services in a variety of areas. Nicole lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 11 of the Complaint.

12. Nicole lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 of the Complaint.

13. Nicole lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 of the Complaint.

14. Nicole lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 of the Complaint.

15. Nicole lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 of the Complaint.

16. Nicole lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 of the Complaint.

17. Nicole lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 of the Complaint.

18. Nicole admits the allegations in Paragraph 18 of the Complaint.

19. As to Paragraph 19 of the Complaint, Nicole admits she was an employee at Nationwide and was responsible for the oversight and management of different aspects of Nationwide within her office.

20. Nicole admits she had access to some information relating to Nationwide's business strategies, but was not aware of the full scope of such strategies as described in Paragraph 20 of the Complaint.

21. As to Paragraph 21 of the Complaint, Nicole admits her role at Nationwide towards the end of her employment related to trying to grow the number of clients that worked with Nationwide and to service existing clients at Nationwide.

22. As to Paragraph 22 of the Complaint, Nicole admits Nationwide hired Ryan as an Account Executive to support Nationwide's west coast operations and his job responsibilities varied.

23. Nicole lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 of the Complaint.

24. Nicole admits she signed an Employee Non-Disclosure Agreement on June 9, 2014. Nicole lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 24 of the Complaint.

25. Nicole denies the allegations in paragraphs A and B because the language does not accurately quote from the sections in Nicole's Employee Non-Disclosure Agreement signed on June 9, 2014. Nicole admits the allegations in paragraph C accurately quotes the from the section in Nicole's Employee Non-Disclosure Agreement signed on June 9, 2014.

26. As to Paragraph 26 of the Complaint, Nicole admits the Employee Non-Disclosure Agreement signed on June 9, 2014 states Nicole agreed to return all confidential information upon request.

27. Nicole admits the definition of Confidential Information in the Employee Non-Disclosure Agreement signed on June 9, 2014 defines Confidential Information as: "business plans, technology, techniques, operations, programs, business directions, marketing plans, data arrangement and acquisition, and other technical and business information (hereinafter 'Confidential Information')." Nicole denies the remaining allegations in Paragraph 27 of the Complaint.

28. Nicole denies that the obligations she owes to Nationwide under the Employee Non-Disclosure Agreement signed on June 9, 2014 run indefinitely. Nicole lacks definition knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 28 of the Complaint.

29. Nicole admits she was permitted to use her own personal computer and cell phone during her employment with Nationwide. Nicole further admits that Nationwide provided support services relating to the use of technology. Nicole lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 29 of the Complaint.

30. Nicole admits that it was her custom and practice to use her Nationwide e-mail for business purposes. Nicole admits that on a few occasions e-mails were

sent to her from Nationwide reorientates to her personal e-mail account. Nicole lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 30 of the Complaint.

31. Nicole admits that on or about June 18, 2020, she tendered her resignation to Nationwide. Nicole denies the remaining allegations in paragraph 31 of the Complaint.

32. Nicole admits Fastapp is an appraisal management company and provides valuation services for a variety of different clients. Fastapp further admits that some of the clients Fastapp seeks are similar to Nationwide's clients. Nicole lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 32 of the Complaint.

33. Nicole lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 of the Complaint.

34. Nicole lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 of the Complaint.

35. Nicole lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 of the Complaint.

36. Nicole lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36 of the Complaint.

37. Nicole lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37 of the Complaint.

38. Nicole lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38 of the Complaint.

39. Nicole lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 of the Complaint.

40. Nicole lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40 of the Complaint.

41. Nicole admits she received a letter from Nationwide's attorney dated August 4, 2020. Nicole lacks knowledge or information sufficient to form a belief that the content of the letter is consistent with the allegations in Paragraph 41 of the Complaint.

42. Nicole denies the allegations in Paragraph 42 of the Complaint.

43. Nicole lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43 of the Complaint.

44. Nicole denies the allegations in Paragraph 44 of the Complaint.

45. Nicole denies the allegations in Paragraph 45 of the Complaint.

**COUNT 1 – MISAPPROPRIATION OF TRADE SECRETS UNDER THE DEFEND TRADE SECRETS ACT**

**(18 U.S.C. §§ 1836 et seq.)**

**(Against All Defendants)**

46. Nicole lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46 of the Complaint.

47. Nicole lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47 of the Complaint.

48. Nicole lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48 of the Complaint.

49. Nicole lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49 of the Complaint.

50. Nicole lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50 of the Complaint.

51. Nicole lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51 of the Complaint.

52. Nicole denies each and every allegation contained in Paragraph 52.

53. Nicole denies each and every allegation contained in Paragraph 53.

54. Nicole denies each and every allegation contained in Paragraph 54.

55. Nicole denies each and every allegation contained in Paragraph 55.

## COUNT II – MISAPPROPRIATION OF TRADE SECRETS UNDER THE CALIFORNIA UNIFORM TRADE SECRETS ACT
### (California Civil Code §§ 3426 et seq.)
### (Against All Defendants)

56. Nicole lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56 of the Complaint.

57. Nicole lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57 of the Complaint.

58. Nicole lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58 of the Complaint.

59. Nicole lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59 of the Complaint.

60. Nicole lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60 of the Complaint.

61. Nicole lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61 of the Complaint.

62. Nicole denies each and every allegation contained in Paragraph 62.

63. Nicole denies each and every allegation contained in Paragraph 63.

64. Nicole denies each and every allegation contained in Paragraph 64.

65. Nicole denies each and every allegation contained in Paragraph 65.

## COUNT III – BREACH OF FIDUCIARY DUTY OF LOYALTY
### (Against Defendants Nicole and Ryan)

66. Nicole lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 66 of the Complaint.

67. Nicole lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67 of the Complaint.

68. Nicole denies each and every allegation contained in Paragraph 68

Case 8:20-cv-02126-JVS-JDE   Document 49   Filed 04/05/21   Page 9 of 17   Page ID #:927

69. Nicole denies each and every allegation contained in Paragraph 69.

70. Nicole denies each and every allegation contained in Paragraph 70.

### COUNT IV – BREACH OF CONTRACT (Non-Disclosure Agreement)
### (Against Defendants Nicole and Ryan)

71. Nicole lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 71 of the Complaint.

72. Nicole lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72 of the Complaint.

73. Nicole lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73 of the Complaint.

74. Nicole lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 74 of the Complaint.

75. Nicole denies each and every allegation contained in Paragraph 75.

76. Nicole denies each and every allegation contained in Paragraph 76.

### COUNT V – FAILURE TO USE ORDINARY CARE AND DILIGENCE UNDER CALIFORNIA LABOR CODE § 2854
### (Against Defendants Nicole and Ryan)

77. Nicole lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 77 of the Complaint.

78. Nicole lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 78 of the Complaint.

79. Nicole lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 79 of the Complaint.

80. Nicole denies each and every allegation contained in Paragraph 80.

81. Nicole denies each and every allegation contained in Paragraph 81.

9

ANSWER TO COMPLAINT

## COUNT VI – FAILURE TO COMPLY WITH EMPLOYERS DIRECTIONS UNDER LABOR CODE § 2856

**(Against Defendants Nicole and Ryan)**

82. Nicole lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 82 of the Complaint.

83. Nicole lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 83 of the Complaint.

84. Nicole lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 84 of the Complaint.

85. Nicole denies each and every allegation contained in Paragraph 85.

86. Nicole denies each and every allegation contained in Paragraph 86.

## COUNT VII – FAILURE TO GIVE PREFERENCE TO PERFORMANCE OF EMPLOYERS BUSINESS UNDER CALIFORNIA LABOR CODE § 2863

**(Against Defendants Nicole and Ryan)**

87. Nicole consistent lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 87 of the Complaint.

88. Nicole lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 88 of the Complaint.

89. Nicole denies each and every allegation contained in Paragraph 89.

90. Nicole denies each and every allegation contained in Paragraph 90.

91. Nicole denies each and every allegation contained in Paragraph 91.

## COUNT VIII – TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS (Non-Disclosure Agreements)

92. Nicole lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 92 of the Complaint.

93. Nicole lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 93 of the Complaint.

94. Nicole denies each and every allegation contained in Paragraph 94.

95. Nicole denies each and every allegation contained in Paragraph 95.

96. Nicole denies each and every allegation contained in Paragraph 96.

97. Nicole denies each and every allegation contained in Paragraph 97.

## COUNT IX – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS
### (Against All Defendants)

98. Nicole lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 98 of the Complaint.

99. Nicole lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 99 of the Complaint.

100. Nicole admits she and Ryan were employees at Nationwide. Nicole lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 100 of the Complaint.

101. Nicole denies each and every allegation contained in Paragraph 101.

102. Nicole lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 102 of the Complaint.

103. Nicole denies each and every allegation contained in Paragraph 103.

## COUNT X – AIDING AND ABETTING
### (Against Defendants Fastapp and Nicole)

104. Nicole lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 104 of the Complaint.

105. Nicole lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 105 of the Complaint.

106. Nicole denies each and every allegation contained in Paragraph 106.

107. Nicole denies each and every allegation contained in Paragraph 107.

108. Nicole denies each and every allegation contained in Paragraph 108.

109. Nicole denies each and every allegation contained in Paragraph 109.

## COUNT XI – CONSPIRACY

### (Against All Defendants)

110. Nicole lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 110 of the Complaint.

111. Nicole denies each and every allegation contained in Paragraph 111.

112. Nicole denies each and every allegation contained in Paragraph 112.

113. Nicole denies each and every allegation contained in Paragraph 113.

## AFFIRMATIVE DEFENSES

The Defendant hereby alleges the following separate and independent affirmative defenses, which defenses are made on the Defendant's information and belief.

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

The Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a cause of action.

## SECOND AFFIRMATIVE DEFENSE

(Standing)

The Plaintiff lacks standing to bring the claims set forth in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

(Mitigation of Damages)

The Plaintiff has failed to act reasonably to mitigate its damages, if any.

## FOURTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

The Complaint, and each and every purported cause of action therein, is barred by the applicable statute of limitations as to this answering Defendant.

## FIFTH AFFIRMATIVE DEFENSE

(Privileged Conduct)

The right to announce a new affiliation, even to trade secret clients of a former employer, if any, is basic to an individual's right to engage in fair competition.

## SIXTH AFFIRMATIVE DEFENSE

(No Trade Secrets)

Plaintiff's claims against the Defendant fail, in whole or in part, because the Defendant possesses no property belonging to Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

(No Trade Secrets)

Plaintiff's claims against the Defendant based on alleged misappropriation of trade secrets fail because Plaintiff has failed to identify any specific legally protected trade secrets or confidential information.

## EIGHTH AFFIRMATIVE DEFENSE

(No Trade Secrets)

Plaintiff's claims against the Defendant fail, in whole or in part, because any information accessed, viewed, used, or transferred by the Defendant contained no confidential, proprietary, or trade secret information belonging to Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

(No Trade Secrets)

The information characterized in the Complaint as trade secrets is not a trade secret since said information is generally known to the public and to other persons, is readily ascertainable, and has no independent economic value.

## TENTH AFFIRMATIVE DEFENSE

(No Trade Secrets)

The information characterized in the Complaint as trade secrets is not a trade secret since said information was created by Defendant's own skill and knowledge of the business and not the subject of any efforts by Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Trade Secrets)

The information characterized in the Complaint as trade secrets is not a trade secret since the information is obvious from existing public information.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Trade Secrets)

The information characterized in the Complaint as trade secrets is not a trade secret because Plaintiff did not exercise reasonable or sufficient efforts to maintain the secrecy of any information alleged in the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Justification)

Defendant specifically denies that it engaged in any unfair competition, and asserts that its conduct was entirely justified, and that its conduct was neither misleading, nor, otherwise, illegal, in any fashion.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Right to Open Competition)

Defendant, at all times, engaged in privileged and open competition, which is a fundamental right.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Interference)

Defendant is, and at secreta all relevant times was free to compete for the business, and such competition did not constitute interference with either contractual relations, nor with prospective economic advantage.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff is barred from bringing or maintaining this action by virtue of the equitable doctrine of unclean hands. Conduct by Plaintiff giving rise to the application of the equitable doctrine of unclean hands include the fact that Plaintiff

brought this action for the purpose of seeking to stifle legitimate competition, and Plaintiff's own resort to actions constituting unfair competition.

### SEVENTEENTH AFFIRMATIVE DEFENSE
(Waiver)

Plaintiff's claims against the Defendant are barred by the doctrine of waiver.

### EIGHTEENTH AFFIRMATIVE DEFENSE
(Estoppel)

Plaintiff's claims against the Defendant are barred by the doctrine of estoppel.

### NINETEENTH AFFIRMATIVE DEFENSE
(Laches)

Plaintiff's claims against the Defendant are barred by the doctrine of laches.

### TWENTIETH AFFIRMATIVE DEFENSE
(Failure To Allege Facts Sufficient To Justify Award Of Punitive Damages)

Neither the Complaint, nor any purported cause of action alleged therein, state facts sufficient to justify an award of punitive damages against the Defendant.

### TWENTY FIRST AFFIRMATIVE DEFENSE
(Conspiracy Impossible)

To the extent that the Complaint alleges the Defendant engaged in a conspiracy and entity and its owners, no claim for conspiracy can be stated.

### TWENTY SECOND AFFIRMATIVE DEFENSE
(California Labor Code § 2854)

Upon information and belief, Defendant alleges that the Complaint and each purported cause of action alleged therein are barred by Plaintiff's failure to comply with their employee obligations pursuant to California Labor Code § 2854.

## TWENTY THIRD AFFIRMATIVE DEFENSE

(California Labor Code § 2856)

Upon information and belief, Defendant alleges that the Complaint and each purported cause of action alleged therein are barred by Plaintiff's failure to comply with their employee obligations pursuant to California Labor Code § 2856.

## TWENTY FOURTH AFFIRMATIVE DEFENSE

(California Labor Code § 2863)

Upon information and belief, Defendant alleges that the Complaint and each purported cause of action alleged therein are barred by Plaintiff's failure to comply with their employee obligations pursuant to California Labor Code § 2863.

## TWENTY FIFTH AFFIRMATIVE DEFENSE

(Additional Defenses)

Defendant has not yet had the opportunity to conduct a full and complete investigation in this matter, and Defendant therefore reserves the right to amend this Answer and to assert such other and further Affirmative Defenses as further investigation may justify.

## PRAYER FOR RELIEF

WHEREFORE, Nicole respectfully prays that judgment be entered in favor of Nicole and against Plaintiff as follows:

1. For a judgment finding that Plaintiff is entitled to no damages under the Complaint;

2. For attorneys' fees and costs based on Plaintiff's demand for attorneys' fees, according to proof;

3. For costs of suit; and

4. For such other and additional relief as is just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Nicole demands a jury trial of all claims alleged in the Complaint and all matters included in this Answer, including without limitation, all denials and affirmative defenses.

DATED: April 5, 2021                    CUMMING & ASSOCIATES, APLC

                                        By:    /s/ William R. Cumming
                                               William R. Cumming
                                               Attorneys for Defendants NICOLE
                                               ANDREWS and FASTAPP, INC., a
                                               New York corporation