CUMMING & ASSOCIATES APC
William R Cumming (State Bar No. 200966)
cumming@cummingandassociateslaw.com
3080 Bristol Street Suite 630
Costa Mesa, CA 92626
Telephone:  714-432-6494
Facsimile:   714-202-3162

RUTAN & TUCKER, LLP
Michael Adams (State Bar No. 185835)
madams@rutan.com
Kenneth Zielinksi (State Bar No. 258555)
kzielinski@rutan.com
Seth M. Jessee (State Bar No. 310983)
sjessee@rutan.com
Sarah E. Gilmartin (State Bar No. 324665)
sgilmartin@rutan.com
18575 Jamboree Road, 9th Floor,
Irvine, CA 92612
Telephone:  714-641-5100
Facsimile:   714-546-9035

Attorneys for Defendant
RYAN ANDREWS

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONWIDE PROPERTY & APPRAISAL SERVICES LLC, a New Jersey limited liability company,, <br><br> Plaintiff, <br><br> vs. <br><br> NICOLE ANDREWS, an individual, RYAN ANDREWS, an individual, and FASTAPP INC., a New York corporation, <br><br> Defendants. | Case No. 8:20-cv-02126-JVS(JDEx) <br><br> Assigned For All Purposes To: Judge James V. Selna Room 10C <br><br> **DEFENDANT RYAN ANDREWS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** <br><br> **DEMAND FOR JURY TRIAL** <br><br> Date Action Filed:     November 4, 2020 |

Ryan Andrews ("Ryan" or "Defendant") answers the Complaint filed on November 4, 2020 by Plaintiff Nationwide Property & Appraisal Services, LLC ("Nationwide" or "Plaintiff") as follows:

## I.      INTRODUCTION

To the extent this section merely describes the nature of Plaintiff's Complaint, no response is required.  Ryan denies that he individually or in concert with any other person or entity misappropriated confidential information or trade secret information of Plaintiff.  Ryan denies that Plaintiff is entitled to any of the relief it seeks.  Ryan denies each of the remaining allegations in this section.

## II.      PARTIES

1.      Ryan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 of the Complaint.

2.      Ryan admits he and Nicole Andrews ("Nicole") are individuals and citizens of the State of California.  Ryan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 2 of the Complaint.

3.      Ryan admits he is an individual and a citizen of the State of California.  Ryan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 3 of the Complaint.

4.      Ryan admits Fastapp Inc. ("Fastapp") has an office location located at 5118 Thirteenth Avenue, Brooklyn, New York 11219.  Ryan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 4 of the Complaint.

## III.      JURISDICTION

5.      Ryan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 of the Complaint.

6.      Ryan admits he is an individual and citizen of California.  Ryan further admits that Nicole is an individual and citizen of California.  Ryan lacks knowledge

1  or information sufficient to form a belief about the truth of the remaining allegations

2  in Paragraph 6 of the Complaint.

3       7.     Ryan admits he and Nicole are residents of California.  Ryan lacks

4  knowledge or information sufficient to form a belief about the truth of the remaining

5  allegations in Paragraph 7 of the Complaint.

6       8.     Ryan lacks knowledge or information sufficient to form a belief about

7  the truth of the allegations in Paragraph 8 of the Complaint.

8  **IV.   VENUE**

9       9.     Ryan lacks knowledge or information sufficient to form a belief about

10  the truth of the allegations in Paragraph 9 of the Complaint.

11  **V.   FACTUAL BACKGROUND**

12       10.     Ryan admits Nationwide is an appraisal management company.  Ryan

13  lacks knowledge or information sufficient to form a belief about the truth of the

14  remaining allegations in Paragraph 10 of the Complaint.

15       11.     Ryan admits Nationwide provides appraisal management services that

16  offers services in a variety of areas.  Ryan lacks knowledge or information sufficient

17  to form a belief about the truth of the remaining allegations in Paragraph 11 of the

18  Complaint.

19       12.     Ryan lacks knowledge or information sufficient to form a belief about

20  the truth of the allegations in Paragraph 12 of the Complaint.

21       13.     Ryan lacks knowledge or information sufficient to form a belief about

22  the truth of the allegations in Paragraph 13 of the Complaint.

23       14.     Ryan lacks knowledge or information sufficient to form a belief about

24  the truth of the allegations in Paragraph 14 of the Complaint.

25       15.     Ryan lacks knowledge or information sufficient to form a belief about

26  the truth of the allegations in Paragraph 15 of the Complaint.

27       16.     Ryan lacks knowledge or information sufficient to form a belief about

28  the truth of the allegations in Paragraph 16 of the Complaint.

17.     Ryan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 of the Complaint.

18.     Ryan admits the allegations in Paragraph 18 of the Complaint.

19.     As to Paragraph 19, Ryan admits Nicole was an employee at Nationwide and was responsible for the oversight and management of different aspects of Nationwide within her office.  Ryan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 19 of the Complaint.

20.     Ryan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 of the Complaint.

21.     Ryan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 of the Complaint.

22.     As to Paragraph 22 of the Complaint, Ryan admits Nationwide hired him as an Account Manager to support Nationwide's west coast operations and his job responsibilities varied.  Ryan admits that Nationwide promoted Ryan to Outside Account Manager.

23.     As to Paragraph 23 of the Complaint, Ryan admits his job responsibilities varied.

24.     Ryan admits he signed an Employee Non-Disclosure Agreement on July 22, 2016.  Ryan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 24 of the Complaint.

25.     Ryan denies the allegations in paragraphs A and B because the language does not accurately quote from the sections in Ryan's Employee Non-Disclosure Agreement signed on July 22, 2016.  Ryan admits the allegations in paragraph C accurately quotes Ryan's Employee Non-Disclosure Agreement signed on July 22, 2016.

26.     As to Paragraph 26 of the Complaint, Ryan admits the Employee Non-Disclosure Agreement signed on July 22, 2016 states Ryan agreed to return all

confidential information upon request.

27.     Ryan admits the definition of Confidential Information in the Employee Non-Disclosure Agreement signed on July 22, 2016 defines Confidential Information as: "business plans, technology, techniques, operations, programs, business directions, marketing plans, data arrangement and acquisition, and other technical and business information (hereinafter 'Confidential Information')." Ryan denies the remaining allegations in Paragraph 27 of the Complaint.

28.     Ryan denies that the obligations he owes to Nationwide under the Employee Non-Disclosure Agreement signed on July 22, 2016 run indefinitely. Ryan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 28 of the Complaint.

29.     Ryan admits he was permitted to use his own personal computer and cell phone during his employment with Nationwide.  Ryan further admits that Nationwide provided support services relating to the use of technology.  Ryan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 29 of the Complaint.

30.     Ryan admits that it was his custom and practice to use his Nationwide email for business purposes.  Ryan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 30 of the Complaint.

31.     Ryan admits that on or about June 18, 2020, Nicole tendered her resignation to Nationwide.  Ryan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 31 of the Complaint.

32.     Ryan admits that Fastapp is an appraisal management company with licenses in many states and provides appraisal management services to clients seeking such services.  Ryan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 32 of the Complaint.

33.     Ryan admits that upon Nicole's departure, he had access to Nicole's Nationwide email inbox.  Ryan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 33 of the Complaint.

34.     Ryan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 of the Complaint.

35.     Ryan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 of the Complaint.

36.     Ryan denies that that the referenced information constitutes confidential information of Nationwide.  Ryan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 36 of the Complaint.

37.     Ryan denies that that the referenced information constitutes confidential information of Nationwide.  Ryan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 37 of the Complaint.

38.     Ryan admits that he forwarded to Nicole the referenced email addressed to Nicole.  Ryan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 38 of the Complaint.

39.     Ryan denies that his familial relationship took precedence over his employment relationship with Nationwide with respect to the referenced conduct. Ryan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 39 of the Complaint.

40.     Ryan denies that he acted improperly with respect to the referenced conduct.  Ryan lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 40 of the Complaint.

41.     Ryan admits he received a letter from Nationwide's attorney dated August 4, 2020.  Ryan lacks knowledge or information sufficient to form a belief that the content of the letter is consistent with the allegations in Paragraph 41 of the

1  Complaint.

2       42.    Ryan denies the allegations in Paragraph 42 of the Complaint.

3       43.    Ryan lacks knowledge or information sufficient to form a belief about

4  the truth of the allegations in Paragraph 43 of the Complaint.

5       44.    Ryan denies the allegations in Paragraph 44 of the Complaint.

6       45.    Ryan denies the allegations in Paragraph 45 of the Complaint.

7  **COUNT 1 – MISAPPROPRIATION OF TRADE SECRETS UNDER THE**

8  **DEFEND TRADE SECRETS ACT**

9  **(18 U.S.C. §§ 1836 et seq.)**

10  **(Against All Defendants)**

11       46.    Ryan incorporates by reference his responses to paragraphs 1 through

12  45 of the Complaint as if set forth fully herein.

13       47.    Ryan lacks knowledge or information sufficient to form a belief about

14  the truth of the allegations in Paragraph 47 of the Complaint.

15       48.    Ryan lacks knowledge or information sufficient to form a belief about

16  the truth of the allegations in Paragraph 48 of the Complaint.

17       49.    Ryan lacks knowledge or information sufficient to form a belief about

18  the truth of the allegations in Paragraph 49 of the Complaint.

19       50.    Ryan lacks knowledge or information sufficient to form a belief about

20  the truth of the allegations in Paragraph 50 of the Complaint.

21       51.    Ryan lacks knowledge or information sufficient to form a belief about

22  the truth of the allegations in Paragraph 51 of the Complaint.

23       52.    Ryan denies each and every allegation contained in Paragraph 52.

24       53.    Ryan denies each and every allegation contained in Paragraph 53.

25       54.    Ryan denies each and every allegation contained in Paragraph 54.

26       55.    Ryan denies each and every allegation contained in Paragraph 55.

27  / / /

28  / / /

**COUNT II – MISAPPROPRIATION OF TRADE SECRETS UNDER**

**THE CALIFORNIA UNIFORM TRADE SECRETS ACT**

**(California Civil Code §§ 3426 et seq.)**

**(Against All Defendants)**

56.    Ryan incorporates by reference his responses to paragraphs 1 through 55 of the Complaint as if set forth fully herein.

57.    Ryan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57 of the Complaint.

58.    Ryan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58 of the Complaint.

59.    Ryan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59 of the Complaint.

60.    Ryan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60 of the Complaint.

61.    Ryan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61 of the Complaint.

62.    Ryan denies each and every allegation contained in Paragraph 62.

63.    Ryan denies each and every allegation contained in Paragraph 63.

64.    Ryan denies each and every allegation contained in Paragraph 64.

65.    Ryan denies each and every allegation contained in Paragraph 65.

**COUNT III – BREACH OF FIDUCIARY DUTY OF LOYALTY**

**(Against Defendants Nicole and Ryan)**

66.    Ryan incorporates by reference his responses to paragraphs 1 through 65 of the Complaint as if set forth fully herein.

67.    Ryan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67 of the Complaint.

68.    Ryan denies each and every allegation contained in Paragraph 68.

69.    Ryan denies each and every allegation contained in Paragraph 69.

70.     Ryan denies each and every allegation contained in Paragraph 70.

**COUNT IV – BREACH OF CONTRACT (Non-Disclosure Agreement)**

**(Against Defendants Nicole and Ryan)**

71.     Ryan incorporates by reference his responses to paragraphs 1 through 70 of the Complaint as if set forth fully herein.

72.     Ryan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72 of the Complaint.

73.     Ryan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73 of the Complaint.

74.     Ryan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 74 of the Complaint.

75.     Ryan denies each and every allegation contained in Paragraph 75.

76.     Ryan denies each and every allegation contained in Paragraph 76.

**COUNT V – FAILURE TO USE ORDINARY CARE AND DILIGENCE**

**UNDER CALIFORNIA LABOR CODE § 2854**

**(Against Defendants Nicole and Ryan)**

77.     Ryan incorporates by reference his responses to paragraphs 1 through 77 of the Complaint as if set forth fully herein.

78.     Ryan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 78 of the Complaint.

79.     Ryan lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 79 of the Complaint.

80.     Ryan denies each and every allegation contained in Paragraph 80.

81.     Ryan denies each and every allegation contained in Paragraph 81.

**COUNT VI – FAILURE TO COMPLY WITH EMPLOYERS DIRECTIONS**

**UNDER LABOR CODE § 2856**

**(Against Defendants Nicole and Ryan)**

82.     Ryan incorporates by reference his responses to paragraphs 1 through

1   81 of the Complaint as if set forth fully herein.

2       83.    Ryan lacks knowledge or information sufficient to form a belief about

3   the truth of the allegations in Paragraph 83 of the Complaint.

4       84.    Ryan lacks knowledge or information sufficient to form a belief about

5   the truth of the allegations in Paragraph 84 of the Complaint.

6       85.    Ryan denies each and every allegation contained in Paragraph 85.

7       86.    Ryan denies each and every allegation contained in Paragraph 86.

8   **COUNT VII – FAILURE TO GIVE PREFERENCE TO PERFORMANCE OF**

9   **EMPLOYERS BUSINESS UNDER CALIFORNIA LABOR CODE § 2863**

10  **(Against Defendants Nicole and Ryan)**

11      87.    Ryan incorporates by reference his responses to paragraphs 1 through

12  86 of the Complaint as if set forth fully herein.

13      88.    Ryan lacks knowledge or information sufficient to form a belief about

14  the truth of the allegations in Paragraph 88 of the Complaint.

15      89.    Ryan denies each and every allegation contained in Paragraph 89.

16      90.    Ryan denies each and every allegation contained in Paragraph 90.

17      91.    Ryan denies each and every allegation contained in Paragraph 91.

18  **COUNT VIII – TORTIOUS INTERFERENCE WITH CONTRACTUAL**

19  **RELATIONS**

20  **(Non-Disclosure Agreements)**

21  **(Against Defendants Fastapp and Nicole)**

22      92.    Ryan incorporates by reference his responses to paragraphs 1 through

23  91 of the Complaint as if set forth fully herein.

24      93.    Ryan lacks knowledge or information sufficient to form a belief about

25  the truth of the allegations in Paragraph 93 of the Complaint.

26      94.    Ryan denies each and every allegation contained in Paragraph 94.

27      95.    Ryan denies each and every allegation contained in Paragraph 95.

28      96.    Ryan denies each and every allegation contained in Paragraph 96.

Rutan & Tucker, LLP
*attorneys at law*

1  97. Ryan denies each and every allegation contained in Paragraph 97.

2 **COUNT IX – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS**

3        **(Against All Defendants)**

4  98. Ryan incorporates by reference his responses to paragraphs 1 through

5 97 of the Complaint as if set forth fully herein.

6  99. Ryan lacks knowledge or information sufficient to form a belief about

7 the truth of the allegations in Paragraph 99 of the Complaint.

8  100. Ryan admits that he and Nicole were employees of Nationwide.  Ryan

9 lacks knowledge or information sufficient to form a belief about the truth of the

10 remaining allegations in Paragraph 100 of the Complaint.

11  101. Ryan denies each and every allegation contained in Paragraph 101.

12  102. Ryan lacks knowledge or information sufficient to form a belief about

13 the truth of the allegations in Paragraph 102 of the Complaint.

14  103. Ryan denies each and every allegation contained in Paragraph 103.

15      **COUNT X – AIDING AND ABETTING**

16     **(Against Defendants Fastapp and Nicole)**

17  104. Ryan incorporates by reference his responses to paragraphs 1 through

18 103 of the Complaint as if set forth fully herein.

19  105. Ryan lacks knowledge or information sufficient to form a belief about

20 the truth of the allegations in Paragraph 105 of the Complaint.

21  106. Ryan denies each and every allegation contained in Paragraph 106.

22  107. Ryan denies each and every allegation contained in Paragraph 107.

23  108. Ryan denies each and every allegation contained in Paragraph 108.

24  109. Ryan denies each and every allegation contained in Paragraph 109.

25       **COUNT XI – CONSPIRACY**

26       **(Against All Defendants)**

27  110. Ryan incorporates by reference his responses to paragraphs 1 through

28 109 of the Complaint as if set forth fully herein.

111.   Ryan denies each and every allegation contained in Paragraph 111.

112.   Ryan denies each and every allegation contained in Paragraph 112.

113.   Ryan denies each and every allegation contained in Paragraph 113.

## AFFIRMATIVE DEFENSES

Defendant hereby alleges the following separate and independent affirmative defenses, which defenses are made on Defendant's information and belief.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

The Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE
### (Standing)

Plaintiff lacks standing to bring the claims set forth in the Complaint.

### THIRD AFFIRMATIVE DEFENSE
### (Mitigation of Damages)

Plaintiff has failed to act reasonably to mitigate its damages, if any.

### FOURTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

The Complaint, and each and every purported cause of action therein, is barred by the applicable statute of limitations as to this answering Defendant.

### FIFTH AFFIRMATIVE DEFENSE
### (Privileged Conduct)

The right to announce a new affiliation, even to trade secret clients of a former employer, if any, is basic to an individual's right to engage in fair competition.

### SIXTH AFFIRMATIVE DEFENSE
### (Justification)

Defendant specifically denies that it engaged in any unfair competition, and

1    asserts that its conduct was entirely justified, and that its conduct was neither

2    misleading, nor, otherwise, illegal, in any fashion.

3                    **SEVENTH AFFIRMATIVE DEFENSE**

4                              **(Unclean Hands)**

5           Plaintiff is barred from bringing or maintaining this action by virtue of the

6    equitable doctrine of unclean hands.  Conduct by Plaintiff giving rise to the

7    application of the equitable doctrine of unclean hands include the fact that Plaintiff

8    brought this action for the purpose of seeking to stifle legitimate competition, and

9    Plaintiff's own resort to actions constituting unfair competition.

10                   **EIGHTH AFFIRMATIVE DEFENSE**

11                             **(Waiver)**

12   Plaintiff's claims against Defendant are barred by the doctrine of waiver.

13                    **NINTH AFFIRMATIVE DEFENSE**

14                             **(Estoppel)**

15   Plaintiff's claims against Defendant are barred by the doctrine of estoppel.

16                    **TENTH AFFIRMATIVE DEFENSE**

17                              **(Laches)**

18   Plaintiff's claims against Defendant are barred by the doctrine of laches.

19                   **ELEVENTH AFFIRMATIVE DEFENSE**

20                        **(Conspiracy Impossible)**

21          To the extent that the Complaint alleges that Defendant engaged in a

22   conspiracy and entity and its owners, no claim for conspiracy can be stated.

23                   **TWELFTH AFFIRMATIVE DEFENSE**

24                   **(California Labor Code § 2854)**

25          Upon information and belief, Defendant alleges that the Complaint and each

26   purported cause of action alleged therein are barred by Plaintiff's failure to comply

27   with their employee obligations pursuant to California Labor Code § 2854.

28

## THIRTEENTH AFFIRMATIVE DEFENSE

### (California Labor Code § 2856)

Upon information and belief, Defendant alleges that the Complaint and each purported cause of action alleged therein are barred by Plaintiff's failure to comply with their employee obligations pursuant to California Labor Code § 2856.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (California Labor Code § 2863)

Upon information and belief, Defendant alleges that the Complaint and each purported cause of action alleged therein are barred by Plaintiff's failure to comply with their employee obligations pursuant to California Labor Code § 2863.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Offset or Set Off)

To the extent Plaintiff is entitled to any damages, which Defendant denies, such damages are offset or set off against damages Plaintiff caused to Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Preemption)

Plaintiff's claims against Defendant are barred by preemption.

## ADDITIONAL AFFIRMATIVE DEFENSE

### (Additional Defenses)

Defendant has not yet had the opportunity to conduct a full and complete investigation in this matter, and Defendant therefore reserves the right to amend this Answer and to assert such other and further Affirmative Defenses as further investigation may justify.

## PRAYER FOR RELIEF

WHEREFORE, Ryan respectfully prays that judgment be entered in favor of Ryan and against Plaintiff as follows:

1.      For a judgment finding that Plaintiff is entitled to no damages under the Complaint;

2. For attorneys' fees and costs based on Plaintiff's demand for attorneys' fees, according to proof;

3. For costs of suit; and

4. For such other and additional relief as is just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Ryan demands a jury trial of all claims alleged in the Complaint and all matters included in this Answer, including without limitation, all denials and affirmative defenses.

## RYAN ANDREWS' COUNTERCLAIMS

Defendant and Counterclaimant, Ryan Andrews ("Ryan"), pursuant to Federal Rule of Civil Procedure 13, counterclaims against Plaintiff and Counterdefendant Nationwide Property & Appraisal Services LLC ("Nationwide"), and in support of his counterclaims alleges as follows on information and belief:

## NATURE OF THE COUNTERCLAIMS

1. Nationwide has engaged in intentionally tortious conduct against Ryan in its efforts to stifle lawful competition by Fastapp, Inc. ("FastApp"), including by defaming Ryan for the purposes of damaging his reputation and business relationships. Upon his termination, Nationwide falsely told Ryan's client contacts that Ryan quit Nationwide and caused them to wrongly believe that Ryan had irresponsibly left his clients without any warning and without making preparations to have their accounts serviced. Given the heavily customer-service oriented nature of the business in which Ryan engages, Nationwide knew and expected that its false statements to Ryan's client contacts would cause Ryan substantial reputational harm. Nationwide succeeded.

2. During the course of Ryan's employment, Nationwide also engaged in unlawful employment practices by (a) failing to provide Ryan with legally

compliant meal periods; (b) failing to provide Ryan with legally compliant rest breaks; (c) failing to pay Ryan all wages due upon separation of employment; (d) failing to reimburse necessary business expenses incurred by Ryan; (e) failing to maintain accurate records; and (f) failing to provide Ryan with accurate, itemized wage statements.

3.      Moreover, beginning in late 2018 and throughout the course of his employment with Nationwide, Ryan was repeatedly sexually harassed and was forced to endure a sexually hostile working environment.  Despite complaining to Nationwide about the harassment Ryan was subjected to, the Company took no action in response.  Nationwide placed its business interests and profits above that of Ryan's statutorily protected interests of not being sexually harassed in the workplace.

4.      As discussed below, Ryan has suffered substantial damages as a result of Nationwide's intentional, unlawful, and reprehensible conduct.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 because this action arises under a federal statute, namely the Defend Trade Secrets Act, 18 U.S.C. § 1836 et seq.  The Court has supplemental jurisdiction over the remaining state law claims, including Ryan's counterclaims, under 28 U.S.C. § 1367, as those claims are so related to Nationwide's federal claim that they form part of the same case or controversy.

6.      Additionally, this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because Nationwide and Ryan are citizens of different states, and the amount in controversy exceeds $75,000, excluding interest and costs. Specifically, Nationwide is a New Jersey limited liability company with its principal place of business in New Jersey and is a citizen of New Jersey.  Ryan is a citizen of California.

7.      The Court has personal jurisdiction over Nationwide because, on

information and belief, this lawsuit arises out of Nationwide's unlawful conduct purposefully directed toward the State of California and in this District and Nationwide availed themselves of the protections of its laws by conducting business within California.

8.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims and counterclaims raised in this lawsuit occurred in this District.

### PARTIES

9.     Ryan is an individual and a citizen of the State of California.

10.     Nationwide is a New Jersey limited liability company with its principal place of business located at 1103 Laurel Oak Road, Suite 160, Voorhees, New Jersey 08043.

### FACTUAL BACKGROUND

11.     On or about July 25, 2016, Ryan commenced his employment with Nationwide.  Ryan served as an Account Manager and an Outside Account Manager for Nationwide's west coast operations and clients.  Ryan's responsibilities required him to recruit client accounts for Nationwide and provide direct, live contact and customer service for the accounts.  Ryan frequently met with existing and potential clients to ensure their needs were being met and managed any issues that arose with clients to which he was assigned.  On August 3, 2020, Nationwide terminated Ryan's employment with the Company.

12.     During his employment with Nationwide, Ryan regularly worked approximately 45-50 hours per week, 7 days per week.  In late June of 2020, and through the end of his employment, the number of hours Ryan worked increased significantly due to the demands imposed on Ryan by Nationwide as a result of his increased job duties.  During that time, Ryan regularly worked approximately 55-60 hours per week, 7 days per week.

13.     Work conditions imposed by Nationwide regularly deprived Ryan of a

meaningful opportunity to timely take full, uninterrupted meal periods and rest breaks. Ryan was not relieved of all duties and Nationwide continued to exercise control over Ryan's activities throughout the course of his employment.

14. For example, the job requirements Nationwide imposed on Ryan regularly required Ryan to perform work for more than five hours per day without providing Ryan the opportunity to take a thirty minute, uninterrupted meal period. In addition, the job requirements Nationwide imposed on Ryan regularly required Ryan to work more than 10 hours per day without providing Ryan the opportunity to take a second thirty minute, uninterrupted meal period.

15. Similarly, Nationwide regularly failed to provide Ryan with a 10-minute rest break for every four hours worked, or major fraction thereof.

16. Indeed, the strenuous demands of the job frequently resulted in Ryan having to work through his meal periods and rest breaks, or otherwise taking shortened ones, because the job would not allow Ryan an opportunity to take lawfully uninterrupted and off duty meal periods and rest breaks.

17. In addition, at all relevant times, Nationwide regularly required Ryan to incur business expenses in the course of performing his job-related duties for Nationwide including, but not limited to, cellular phone services, internet services, a computer, travel expenses, mileage, and reporting expenses incurred in performing Ryan's daily job duties.

18. At all relevant times, Nationwide failed to maintain accurate records of the hours Ryan worked.

19. Nationwide also consistently failed to issue accurate itemized wage statements as required by California Labor Code section 226(a). For example, among other things, the wage statements failed to provide accurate commissions and failed to accurately account for premium pay for deficiently provided meal periods and rest breaks.

## Nationwide's Sexually Hostile Working Environment

20.     From late 2018 through the end of his employment, Sheri Musser aka Sheri Olsen ("Sheri"), Nationwide's VP of National Accounts, was Ryan's direct supervisor.

21.     Beginning in late 2018 and throughout the course of his employment with Nationwide, Sheri repeatedly sexually harassed Ryan and created a sexually hostile working environment.  For example, while attending a Nationwide-sponsored event (a Philadelphia 76'ers basketball game) with his fiancé, Sheri made comments such as "oh, you guys are a hot couple" and mentioned that she was "into younger men."  At that event, Sheri sexually propositioned Ryan and his fiancé by stating how it would be "hot to have a threesome."  Ryan and his fiancé rejected Sheri's proposition.

22.     After this incident, Ryan complained to Mike Moore, Nationwide's Executive Director of Sales and Marketing (and later Chief Revenue Officer), about Sheri's inappropriate actions at the Nationwide-sponsored event, but the Company took no action in response.

23.     As another example, while Sheri was attending an event with Ryan's mother, Nicole Andrews ("Nicole"), at a time when Nicole was bending over to repair Nationwide's booth using duct tape, Sheri told two gentlemen at the booth that Nicole (Ryan's mother) is ready for you and that she's got herself in the position.

24.     Throughout the course of Ryan's employment, when Sheri was present with Ryan, Sheri would tell Ryan that he was attractive, continued to hit on him sexually, and also suggested that he flirt with Nationwide's clients to generate business.

25.     Notwithstanding Ryan's complaint to Mike Moore, for example, Nationwide took no action to stop Sheri's unwelcomed and inappropriate sexual harassment.

**Nationwide's Defamation Campaign Against Ryan**

26.    Both Nationwide and Fastapp are Appraisal Management Companies ("AMC").  An Appraisal Management Company operates as an intermediary between appraisers and businesses such as mortgage lenders that require real property appraisals.

27.    An AMC typically operates under substantial time pressures from their clients, who themselves are under substantial time pressures to obtain an appraisal within a set period of time.  For example, a mortgage lender in a residential loan transaction will ordinarily need to obtain an appraisal within a short period of time as part of the underwriting process so that the loan can be approved on time and the residential loan transaction can close on a set time schedule.  For this reason, among others, Ryan's business is heavily customer-service oriented in order to manage the time constraints and other stresses that his client contacts face on a daily basis.

28.    Additionally, the business of an AMC account representative is a "high touch" business such that the account representative is often called upon to act as an intermediary between the client and appraiser numerous times between the ordering and delivery of the appraisal.  As such, once an appraisal is ordered, the client expects that its AMC account representative will be available when issues arise with the appraisal process.  Often problems would arise with appraisals and Ryan's job was to solve those problems many of which could result in closing delays and losses for the client.

29.    As a successful AMC account representative, Ryan's policy and practice was to deliver the highest quality of customer-service.  Through working long-hours and devoting his attention to his client contacts, among other things, Ryan earned a reputation for being attentive to client needs and providing a high-level of customer service.

30.    On or about August 3, 2020, Nationwide fired Ryan.  Ryan was told that he was being fired for having breached his confidentiality obligations to

Nationwide.  These allegations were false and were known to be false by Nationwide.  For example, Nationwide has alleged that Ryan breached his confidentiality obligations by forwarding to Nicole emails that were intended for Nicole at Fastapp, but which had been incorrectly addressed by the sender to Nicole at her old email address at Nationwide.  Thus, if anything, these emails contained confidential information of Fastapp, not Nationwide.

31.    During the phone call in which Ryan was being informed of his termination, Nationwide shut off Ryan's access to his Nationwide email account. By firing Ryan and shutting off access to his email, Nationwide left Ryan's client contacts without their expected client contact to discuss appraisals, including without limitation servicing the appraisals that they ordered, and left the clients with no one to contact for pressing issues.

32.    As frequently happened, these client accounts had problems that required Ryan's immediate attention.  Because Ryan was fired and had no access to his Nationwide email account, he was unavailable to assist and did not even know that the clients were in need of customer service.

33.    On information and belief, Ryan's unavailability due to Nationwide's conduct caused his client contacts significant stress and frustration.

34.    Nationwide falsely told Ryan's client contacts that Ryan quit and erroneously led them to believe that Ryan had irresponsibly quit Nationwide without planning for his departure, without informing his client contacts, without making arrangements to have their accounts serviced, and without regard for their well-being.

35.    Nationwide knew and expected that their conduct would cause Ryan substantial reputational harm.

36.    Nationwide succeeded in causing substantial reputational harm to Ryan by falsely leading his client contacts to believe that Ryan was not customer-service oriented, had acted selfishly in quitting Nationwide without so much as the courtesy

1   of informing them that he was leaving Nationwide, and without regard for the

2   anticipated stress, frustration and inconvenience that his sudden departure would

3   cause them.

4   **Ryan's Exhaustion of Administrative Remedies**

5       37.    On June 4, 2021, Ryan timely filed a complaint of employment

6   discrimination with the California Department of Fair Employment and Housing

7   ("DFEH") and received an immediate Right to Sue notice.  True and correct copies

8   of the DFEH complaint and Right to Sue notice are attached as **Exhibit 1**.

9       38.    As such, Ryan has satisfied all administrative prerequisites and

10  pursuant to California Government Code section 12965(b), a civil may be brought

11  under the Fair Employment and Housing Act against Nationwide.

12  **COUNTERCLAIM COUNT I**

13  **(Defamation-Slander)**

14      39.    Ryan repeats and incorporates herein by reference each and every

15  allegation contained in Paragraphs 1 through 38 above, inclusive, as though fully set

16  forth herein.

17      40.    Nationwide willingly and without justification or privilege, uttered

18  false and defamatory statements claiming to his client contacts that Ryan quit

19  Nationwide.

20      41.    The defamatory statements were orally uttered and directed to

21  representatives for Nationwide's clients, including loanDepot and Equity Prime

22  Mortgage, among others.

23      42.    The defamatory statements had the tendency to directly injure Ryan in

24  his occupation by imputing to AMC clients negative attributes to Ryan that have a

25  natural tendency to lessen Ryan's employability and reputation.  Additionally, the

26  statements attack Ryan's integrity as an esteemed and well-respected business

27  professional.

28      43.    Nationwide engaged in this slanderous conduct to harm Ryan's

1    reputation in the industry and to damage his ability to obtain clients while working

2    for a different AMC.

3        44.    At the time Nationwide uttered the defamatory statements, Nationwide

4    knew the statements were about Ryan and knew the statements were false, and/or

5    failed to take reasonable care to determine the truth or falsity of the statements.

6        45.    As a direct, proximate, and natural result of Nationwide's slanderous

7    statements, Ryan has suffered actual damage to his business, trade, and profession.

8    By reason of the slanderous publications, Ryan has suffered lost business

9    opportunities, loss of goodwill, and injury to his business reputation.

10        46.    Because Nationwide intentionally published the false and defamatory

11    statements, knowing them to be false and defamatory, and knowing, furthermore,

12    the damaging impact that such statements would have upon the reputation and

13    goodwill of Ryan, Nationwide is guilty of malice, fraud, or oppression as those

14    terms are defined under California Civil Code § 3294 and is liable for punitive

15    damages in an amount necessary to punish Nationwide and to deter similar conduct

16    by others in the future.

**<u>COUNTERCLAIM COUNT II</u>**

**(Trade Libel)**

19        47.    Ryan repeats and incorporates herein by reference each and every

20    allegation contained in Paragraphs 1 through 46 above, inclusive, as though fully set

21    forth herein.

22        48.    Nationwide made false and defamatory statements regarding Ryan's

23    business conduct and matters that Nationwide necessarily understood to have

24    disparaged Ryan's client services and reputation.

25        49.    Nationwide knew such statements were false at the time they were

26    made.

27        50.    Nationwide's statements about Ryan were intentionally made in order

28    to injure Ryan's business reputation and the services he provides on behalf of

AMCs, or at the very least, Nationwide should have recognized that such statements were likely to cause harm to Ryan.

51.    As a result of the trade libel, potential business partners and clients have been induced not to do business with Ryan.

52.    As a direct and proximate result of such trade libel, Ryan has suffered actual pecuniary damages in lost prospective business opportunities in an amount to be proven at trial.

53.    Because Nationwide intentionally published the false and defamatory statements, knowing them to be false and defamatory, and knowing, furthermore, the damaging impact that such statements would have upon the reputation and goodwill of Ryan, Nationwide is guilty of malice, fraud, or oppression as those terms are defined under California Civil Code § 3294 and is liable for punitive damages in an amount necessary to punish Nationwide and to deter similar conduct by others in the future.

## COUNTERCLAIM COUNT III
### (Failure to Provide Meal Periods)

54.    Ryan repeats and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 53 above, inclusive, as though fully set forth herein.

55.    At all relevant times, as part of Nationwide's illegal payroll policies and practices to deprive Ryan all wages earned and due, Nationwide required, permitted, or otherwise suffered Ryan to take less than a 30-minute meal period, to work through the meal periods, or have otherwise failed to provide required meal periods to Ryan pursuant to Labor Code § 226.7, 512, and the applicable Wage Order.

56.    Nationwide further violated Labor Code § 226.7 and the applicable Wage Order by failing to compensate Ryan who was not provided with a meal period, in accordance with the law, one additional hour of compensation at Ryan's

1  regular rate of pay for each workday a meal period was not provided in accordance

2  with the law.

3       57.    Nationwide's failure to provide Ryan with the opportunity to take

4  proper meal periods was willful and done with the wrongful and deliberate intention

5  of injuring Ryan, from improper motives amounting to malice, and in conscious

6  disregard of the rights of Ryan.

7       58.    As a direct and proximate result of Nationwide's actions, Ryan has

8  been damaged in an amount according to proof at trial, and seeks all wages earned

9  and due, interest, penalties, attorneys' fees, expenses, and costs of suit.

10  <u>**COUNTERCLAIM COUNT IV**</u>

11  (**Failure to Provide Rest Breaks**)

12       59.    Ryan repeats and incorporates herein by reference each and every

13  allegation contained in Paragraphs 1 through 58 above, inclusive, as though fully set

14  forth herein.

15       60.    At all relevant times, as part of Nationwide's illegal payroll policies

16  and practices to deprive Ryan of all wages earned and due, Nationwide failed to

17  provide rest breaks to Ryan as required pursuant to Labor Code §§ 226.7 and 512,

18  and the applicable Wage Order.

19       61.    Nationwide further violated Labor Code § 226.7 and the applicable

20  Wage Order by failing to compensate Ryan, who was regularly not provided with

21  rest breaks, in accordance with the law, one additional hour of compensation at

22  Ryan's regular rate of pay for each workday a rest break was not provided in

23  accordance with the law.

24       62.    Nationwide's failure to provide Ryan with the opportunity to take

25  proper rest breaks was willful and done with the wrongful and deliberate intention

26  of injuring Ryan, from improper motives amounting to malice, and in conscious

27  disregard of the rights of Ryan.

28       63.    As a direct and proximate result of Nationwide's actions, Ryan has

1  been damaged in an amount according to proof at trial, and seeks all wages earned
2  and due, interest, penalties, attorneys' fees, expenses, and costs of suit.

3  **<u>COUNTERCLAIM COUNT V</u>**

4  (**Failure to Pay All Wages Due Upon Separation of Employment in Violation of**
5  **California Labor Code § 203**)

6        64.     Ryan repeats and incorporates herein by reference each and every
7  allegation contained in Paragraphs 1 through 63 above, inclusive, as though fully set
8  forth herein.

9        65.     Ryan is no longer employed by Nationwide, as his employment with
10  Nationwide was terminated as of August 3, 2020.

11        66.     Nationwide failed to pay Ryan all wages due at the time of his
12  termination.

13        67.     The wages withheld from Ryan by Nationwide remained due and
14  owing for more than thirty days from the date of separation from employment.

15        68.     Nationwide failed to pay Ryan, without abatement, all wages as defined
16  by applicable California law.  Specifically, Nationwide failed to pay Ryan for all
17  wages due at the time of his termination in compliance with California Labor Code
18  §§ 201-203.  For example, Nationwide failed to pay Ryan all earned commissions
19  due.

20        69.     Additionally, Nationwide failed to pay premium wages owed for non-
21  compliant meal periods and rest breaks, as further detailed above.  Nationwide's
22  failure to pay these wages within the required time was willful within the meaning
23  of California Labor Code § 203.

24        70.     Nationwide's failure to pay wages, as alleged, entitles Ryan to penalties
25  under California Labor Code § 203, which provides that an employee's wages shall
26  continue until paid for up to thirty days from the date they were due.

27  / / /

28  / / /

## COUNTERCLAIM COUNT VI

### (**Failure to Reimburse Necessary Business Expenses**)

71.     Ryan repeats and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 70 above, inclusive, as though fully set forth herein.

72.     Under California Labor Code § 2802(a) an employer must indemnify its employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer.

73.     Nationwide regularly required Ryan to incur business expenses in the course of performing his required job duties for Nationwide including, but not limited to, cellular phone services, internet services, a computer, travel expenses, mileage, and reporting expenses incurred in performing Ryan's daily job duties. These expenses incurred by Ryan were necessary and required of him in performing his assigned job duties, but Nationwide failed to reimburse Ryan for all such necessary expenditures.  Ryan was not reimbursed for those lawful and necessary work-related expenses or losses incurred in direct discharge of his job duties during employment with Nationwide and at the direction of the Nationwide pursuant to Labor Code § 2802(a) and the applicable Wage Order.

74.     As a result of the unlawful acts of Nationwide, Ryan has been deprived of reimbursement in amounts to be determined at trial.  Ryan is entitled to recovery of such amounts, plus interest, attorneys' fees, and costs.

## COUNTERCLAIM COUNT VII

### (**Failure to Maintain Records**)

75.     Ryan repeats and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 75_ above, inclusive, as though fully set forth herein.

76.     California Labor Code section 1174(d) requires an employer to keep, at

a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to employees employed.

77.     Nationwide has intentionally and willfully failed to keep accurate and complete payroll records showing the hours worked daily and the wages paid to Ryan.

78.     As a result of Nationwide's violation of California Labor Code section 1174(d), Ryan has suffered injury and damage to his statutorily protected rights.

79.     More specifically, Ryan has been injured by Nationwide's intentional and willful violation of California Labor Code section 1174(d) because he was denied both his legal right and protected interest in having available, accurate and complete payroll records pursuant to California Labor Code section 1174(d).

## COUNTERCLAIM COUNT VIII

### (Inaccurate Wage Statements)

80.     Ryan repeats and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 79 above, inclusive, as though fully set forth herein.

81.     California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the

pay period and the corresponding number of hours worked at each hourly rate by the employee.

82.     The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

83.     Nationwide has intentionally and willfully failed to provide Ryan with complete and accurate wage statements.  These deficiencies include, but are not limited to, the failure to include the total number of hours worked by Ryan.

84.     As a result of Nationwide's violation of California Labor Code section 226(a), Ryan has suffered injury and damage to his statutorily protected rights.

85.     More specifically, Ryan has been injured by Nationwide's intentional and willful violation of California Labor Code section 226(a) because Ryan was denied both his legal right to receive, and his protected interest in receiving, accurate and itemized wage statements pursuant to California Labor Code section 226(a).

86.     Ryan is entitled to recover from Nationwide the greater of this actual damages caused by Nationwide's failure to comply with California Labor Code section 226(a), or an aggregate penalty not to exceed four thousand dollars.

## COUNTERCLAIM COUNT IX

### (**Violation of Business & Professions Code § 17200 et seq.**)

87.     Ryan repeats and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 86 above, inclusive, as though fully set forth herein.

88.     As alleged above, Nationwide has engaged in a variety of conduct directed toward Ryan that constitutes unlawful, unfair, and fraudulent business practices in violation of California Business and Professions Code section 17200, *et*

*seq.*, including, without limitation: (a) defamation; (b) trade libel; (c) failing to provide Ryan meal periods; (d) failing to provide Ryan rest breaks; (e) failing to pay Ryan all wages due upon separation of employment; (f) failing to reimburse necessary business expenses incurred by Ryan; (g) failing to maintain accurate records and (h) failing to provide accurate itemized wage statements.

89.    Nationwide took these actions, or caused these actions to be taken, with intent to injure Ryan, to gain an unfair competitive advantage, and to diminish competition.

90.    Nationwide has profited and will, in the future, profit unjustly from its unfair business practices.

91.    Ryan is a "person" within the meaning of Business & Professions Code § 17204, has suffered injury, and therefore has standing to bring this counter-claim count for injunctive relief, restitution, and other appropriate equitable relief.

92.    Business & Professions Code § 17200 *et seq.* prohibits unlawful and unfair business practices.  By the conduct alleged above, Nationwide's practices were deceptive and fraudulent in that Nationwide's policy and practice failed to provide the required amount of compensation for missed meal periods and rest breaks, and failed to adequately compensate Andrews for all hours worked, due to systematic business practices as alleged that cannot be justified, pursuant to the applicable California Labor Code and Industrial Welfare Commission requirements in violation of California Business and Professions Code § 17200, *et seq.,* and for which this Court should issue injunctive and equitable relief, pursuant to California Business & Professions Code § 17203, including restitution of wages wrongfully withheld.

93.    Wage-and-hour laws express fundamental public policies.  Paying employees their wages and providing them with meal periods and rest breaks, etc., are fundamental public policies of California Labor Code § 90.5(a) that articulates the public policies of this State to vigorously enforce minimum labor standards, to

1    ensure that employees are not required or permitted to work under substandard and

2    unlawful conditions, and to protect law-abiding employers and their employees from

3    competitors who lower costs to themselves by failing to comply with minimum

4    labor standards.

5         94.    Nationwide has violated statutes and public policies, and it has engaged

6    in other unlawful and unfair business practices in violation of Business &

7    Professions Code section 17200 *et seq.* which conduct has deprived Ryan of the

8    rights, benefits, and privileges guaranteed under the law.

9         95.    Nationwide's conduct, as alleged above, constitutes unfair competition

10   in violation of the Business & Professions Code § 17200 *et seq.*

11        96.    Nationwide, by engaging in the conduct alleged, by failing to pay

12   wages and failing to provide meal periods and rest breaks, etc., either knew or in the

13   exercise of reasonable care should have known that its conduct was unlawful;

14   therefore their conduct violates the Business & Professions Code § 17200 *et seq.*

15        97.    By the conduct alleged above, Nationwide has engaged and continues

16   to engage in a business practice which violates California and federal law, including

17   but not limited to, the applicable Industrial Wage Order, the California Code of

18   Regulations, and the California Labor Code and for which this Court should issue

19   declaratory and other equitable relief pursuant to California Business & Professions

20   Code § 17203 as may be necessary to prevent and remedy the conduct held to

21   constitute unfair competition, including restitution of wages wrongfully withheld.

22        98.    As a proximate result of the above-mentioned acts of Nationwide, Ryan

23   has been damaged, in a sum to be proven at trial.

24        99.    Unless restrained by this Court, Nationwide will continue to engage in

25   such unlawful conduct as alleged above.  Pursuant to the Business & Professions

26   Code, this Court should make such orders or judgments, as may be necessary to

27   prevent the use by Nationwide or its agents or employees of any unlawful or

28   deceptive practice prohibited by the Business & Professions Code, including but not

1  limited to the disgorgement of such profits as may be necessary to restore Ryan with

2  all sums Nationwide has unlawfully failed to pay.

3      100.   Additionally, Ryan is entitled to attorneys' fees pursuant to California

4  Civil Procedure Code section 1021.5 because this action will result in a significant

5  benefit conferred on the general public or a large class of persons; the necessity and

6  financial burden of private enforcement are such as to make the award appropriate;

7  and such fees should not in the interest of justice be paid out of the recovery, if any.

8  **COUNTERCLAIM COUNT X**

9  **(Sexual Harassment)**

10     101.   Ryan repeats and incorporates herein by reference each and every

11  allegation contained in Paragraphs 1 through 100 above, inclusive, as though fully

12  set forth herein.

13     102.   California Government Code sections 12940(j)(1) and (3) prohibit,

14  among other things, sexual harassment in the workplace.  Nationwide is an

15  employer as defined in California Government Code section 12940(j)(4)(A).  Sheri

16  is a supervisor as defined in California Government Code section 12926(t).

17     103.   Under the Fair Employment and Housing Act ("FEHA"), an employer

18  is strictly liable for harassment by a supervisor.  *See State Dept. of Health Services*

19  *v. Superior Court*, 31 Cal. 4th 1026, 1040-41 (2003).

20     104.   As discussed above, during Ryan's employment with Nationwide,

21  Sheri, Nationwide's VP of National Accounts and Ryan's direct supervisor, engaged

22  in acts that constituted sexual harassment of Ryan.

23     105.   More specifically, beginning in late 2018 and throughout the course of

24  his employment with Nationwide, as discussed further above, Sheri repeatedly

25  sexually harassed Ryan and created a hostile working environment for Ryan.  All of

26  the unwelcomed actions were taken against Ryan's will and desire despite his

27  complaint, for example, to Mike Moore, Nationwide's Executive Director of Sales

28  and Marketing (and later Chief Revenue Officer).

106.   As a proximate result of Nationwide's willful, knowing, and intentional sexual harassment of Ryan, Ryan has sustained and continues to sustain damages, including loss of earnings and benefits, according to proof.

107.   As a proximate result of Nationwide's willful, knowing, and intentional sexual harassment of Ryan, Ryan has suffered and continues to suffer humiliation, mental and physical pain and anguish, all to his damage in a sum according to proof.

108.   Nationwide's sexual harassment was done intentionally, in a malicious, oppressive, fraudulent manner, entitling Ryan to punitive damages.

109.   Ryan has incurred and continues to incur costs and attorneys' fees. Ryan is entitled to recovery of all such amounts, plus interest.

110.   Prior to filing this claim, Ryan timely filed an administrative complaint with the DFEH and received a Right to Sue notice.

## **COUNTERCLAIM COUNT XI**

### **(Failure To Prevent Harassment)**

111.   Ryan repeats and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 110 above, inclusive, as though fully set forth herein.

112.   California Government Code section 12940(k) provides that it is an unlawful employment practice in California for an employer "to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring." Nationwide is an employer as defined in California Government Code section 12940(j)(4)(A).

113.   During the course of Ryan's employment, Nationwide failed to prevent its employees from engaging in intentional acts that resulted in Ryan being treated less favorably because of his protected status (e.g., sex). Further, Nationwide failed to prevent a pattern and practice by its employees of intentional harassment on the basis of sex, and/or other protected statuses. Ryan believes and on that basis alleges that his sex, and/or other protected status, was a substantially motivating factor in

Nationwide's harassment of him.

114.   As discussed above, during Ryan's employment with Nationwide, Sheri, Nationwide's VP of National Accounts and Ryan's direct supervisor, engaged in acts that constituted sexual harassment of Ryan.

115.   More specifically, beginning in late 2018 and throughout the course of his employment with Nationwide, as discussed further above, Sheri repeatedly sexually harassed Ryan and created a hostile working environment for Ryan.  All of the unwelcomed actions were taken against Ryan's will and desire despite his complaint, for example, to Mike Moore, Nationwide's Executive Director of Sales and Marketing (and later Chief Revenue Officer).

116.   As a proximate result of Nationwide's willful, knowing, and intentional failure to prevent sexual harassment of Ryan, Ryan has sustained and continues to sustain damages, including loss of earnings and benefits, according to proof.

117.   As a proximate result of Nationwide's willful, knowing, and intentional failure to prevent sexual harassment of Ryan, Ryan has suffered and continues to suffer humiliation, mental and physical pain and anguish, all to his damage in a sum according to proof.

118.   Nationwide's failure to prevent sexual harassment was done intentionally, in a malicious, oppressive, fraudulent manner, entitling Ryan to punitive damages.

119.   Ryan has incurred and continues to incur costs and attorneys' fees. Ryan is entitled to recovery of all such amounts, plus interest.

120.   Prior to filing this claim, Ryan timely filed an administrative complaint with the DFEH and received a Right to Sue notice.

## **PRAYER FOR RELIEF**

WHEREFORE, Ryan respectfully requests for judgment against Nationwide and in his favor on all counts, as follows:

1.     For general and compensatory damages according to proof, but in

excess of $1,000,000;

2.      For compensatory damages in the amount of the regular hourly rate made by Ryan for each missed or deficient meal period where no premium pay was paid for at least the last four years;

3.      For compensatory damages in the amount of the regular hourly rate made by Ryan for each missed or deficient rest break where no premium pay was paid for at least the last four years;

4.      For penalties pursuant to California Labor Code § 203 for Ryan in an amount equal to his daily wage times thirty days from the date of his termination;

5.      For penalties pursuant to California Labor Code section 226(e);

6.      For penalties pursuant to California Labor Code section 1174.5;

7.      For restitution and/or damages for all amounts unlawfully incurred by Ryan in violation of California Labor Code § 2802 for at least the last four years;

8.      For restitution and disgorgement of Nationwide's ill-gotten gains, according to proof at trial;

9.      For injunctive relief as set forth above;

10.     For an award of pre-judgment and post-judgment interest on all amounts claimed as permitted by law;

11.     For an award of punitive and exemplary damages;

12.     For an award of attorneys' fees and costs; and

13.     Award Ryan any and all such other and further relief as the Court deems just and proper.

/ / /

/ / /

/ / /

1

## **DEMAND FOR JURY TRIAL**

2

Ryan demands a trial by jury on all issues so triable.

3

4

Dated:  June 7, 2021                                   RUTAN & TUCKER, LLP

5

6                                                            By:      */s/ Michael Adams*

7                                                                      Michael Adams
                                                                       Attorneys for Defendant
8                                                                      Ryan Andrews

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

June 4, 2021

RE:   **Notice of Filing of Discrimination Complaint**
       DFEH Matter Number: 202106-13777704
       Right to Sue: Andrews / Nationwide Property & Appraisal Services, LLC et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21,
a small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be made within 30 days of receipt of the Notice of Case Closure and Right to Sue.
If mediation is requested, the employee is prohibited from filing a civil action until
mediation is complete. The employee's statute of limitations to file a civil action,
including for all related claims not arising under section 12945.2, is tolled from DFEH's
receipt of a mediation request under section 12945.21 until mediation is complete.  To
request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                          GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                        KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

June 4, 2021

Ryan Andrews

██████████████

RE:     **Notice of Case Closure and Right to Sue**
        DFEH Matter Number: 202106-13777704
        Right to Sue: Andrews / Nationwide Property & Appraisal Services, LLC et al.

Dear Ryan Andrews:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective June 4, 2021 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete. To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Exhibit 1, Page 37

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Ryan Andrews                                                                                          DFEH No. 202106-13777704

Complainant,

vs.

Nationwide Property & Appraisal Services, LLC
5716 Corsa Ave., Suite 110
Westlake Village, California 91362

Nationwide Property & Appraisal Services, LLC
1103 Laurel Oak Road, Suite 160
Voorhees, New Jersey 08043

Nationwide Property & Appraisal Services, LLC
18022 Cowan, Suite 210
Irvine, California 92614

Sheri Musser aka Olsen
18022 Cowan, Suite 210
Irvine, California 92614

Respondents

_____

**1.** Respondent **Nationwide Property & Appraisal Services, LLC** is an **employer Nationwide Property & Appraisal Services, LLC** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.** Complainant is naming **Nationwide Property & Appraisal Services, LLC** business as Co-Respondent(s).
Complainant is naming **Nationwide Property & Appraisal Services, LLC** business as Co-Respondent(s).
Complainant is naming **Sheri Musser aka Olsen** individual as Co-Respondent(s).

**3.** Complainant **Ryan Andrews**, resides in the City of **Newport Beach,** State of **California.**

Date Filed: June 4, 2021

**4**. Complainant alleges that on or about **February 28, 2020**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's sex/gender, sexual harassment-hostile environment, sexual harassment- quid pro quo.

**Additional Complaint Details:** On or about July 25, 2016, Ryan Andrews commenced his employment with Nationwide Property & Appraisal Services, LLC ("Nationwide").  On August 3, 2020, Nationwide terminated Mr. Andrews' employment with the Company.  From late 2018 through the end of his employment, Sheri Musser aka Sheri Olsen, Nationwide's VP of National Accounts, was Mr. Andrews direct supervisor.  Beginning in late 2018 and throughout the course of his employment with Nationwide, Ms. Musser repeatedly sexually harassed Mr. Andrews and created a sexually hostile work environment.  For example, while attending a Nationwide-sponsored event (a Philadelphia 76'ers basketball game) with his fiancé, Ms. Musser made comments such as "oh, you guys are a hot couple" and mentioned that she was "into younger men."  At that event, Mr. Musser sexually propositioned Mr. Andrews and his fiancé by stating how it would be "hot to have a threesome."  Mr. Andrews and his fiancé rejected Ms. Musser's proposition.  After this incident, Mr. Andrews complained to Mike Moore, Nationwide's Executive Director of Sales and Marketing (and later Chief Revenue Officer), about Ms. Musser's inappropriate actions at the Nationwide-sponsored event, but the Company took no action in response.  As another example, while Ms. Musser was attending an event with Mr. Andrews' mother, Nicole Andrews, at a time when Ms. Andrews was bending over to duct-tape something in Nationwide's booth, Ms. Musser told two gentlemen at the booth that Nicole (Ryan's mother) is ready for you and that she's got herself in the position.  Throughout the course of Mr. Andrews' employment, whenever Ms. Musser was present with Mr. Andrews, Ms. Musser would tell Mr. Andrews that he was attractive, continued to hit on him sexually, and also suggested that he flirt with clients to generate business.  Notwithstanding Mr. Andrews' complaint to Mr. Moore, for example, Nationwide took no action to stop Ms. Musser's inappropriate behavior.

Date Filed: June 4, 2021

1    VERIFICATION

2    I, **Kenneth Zielinski**, am the **Attorney** in the above-entitled complaint.  I have read
3    the foregoing complaint and know the contents thereof.  The matters alleged are
     based on information and belief, which I believe to be true.

4
5    On June 4, 2021, I declare under penalty of perjury under the laws of the State of
     California that the foregoing is true and correct.

6                                                                 **Irvine, California**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                          -3-
                           *Complaint – DFEH No. 202106-13777704*
28
     Date Filed: June 4, 2021